NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MULTICARE HEALTH SYSTEM, | ) | No. 16-36048 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 3:16-cv-05053-BHS |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| WASHINGTON STATE NURSES ASSOCIATION, | ) ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| MULTICARE HEALTH SYSTEM, | ) | No. 17-35206 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 3:16-cv-05053-BHS |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE NURSES ASSOCIATION, | ) ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 10, 2018

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,[**] District Judge.

Washington State Nurses Association ("WSNA") appeals the district court's judgment which vacated the remedies that the Arbitrator granted to WSNA arising out of a settlement agreement ("the Agreement") with MultiCare Health System ("MultiCare") (No. 16-36048). MultiCare appeals the district court's denial of its motion to remand the matter to a different arbitrator (No. 17-35206). We reverse as to No. 16-36048 and affirm as to No. 17-35206 and remand.

(1) Among other things, the Agreement provided that MultiCare would "adopt mechanisms, practices or policies that assure each [nurse] is relieved of patient care duties for a 15-minute rest period every four hours of work" and that "[i]n no case shall the mechanism used result in a violation of the staffing plan . . . ." WSNA asserted that MultiCare had violated those provisions. The Arbitrator agreed. He issued a remedial award that precluded the use of "the buddy system as a means to provide rest breaks," and also required assignment of a "reserve or float nurse" for the purpose of assuring compliance with the Agreement. MultiCare filed a complaint seeking vacatur of that award and the

---

[**]The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

district court granted that relief as to the buddy system portion of the award, but, essentially, declined to rule on the reserve or float nurse portions. WSNA asserts that the district court erred. We agree.

Arbitration for the resolution of disputes—especially those related to labor problems—is favored by public policy and as a concomitant of that, judicial review is limited. *See Phx. Newspapers, Inc. v. Phx. Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993). In general, a court may not vacate an arbitrator's award based upon the court's view of the merits or because the court disagrees with the remedies selected by the arbitrator. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36–38, 108 S. Ct. 364, 370–71, 98 L. Ed. 2d 286 (1987); *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 531–33 (9th Cir. 2016). In fact, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers*, 484 U.S. at 38, 108 S. Ct. at 371. Certainly, an award will not be confirmed if it does not "draw its essence from the contract" but instead "simply reflect[s] the arbitrator's own notions of industrial justice." *Id.*; *see also United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960); *Stead Motors of Walnut Creek v.*

3

*Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1205–06 & n.6 (9th Cir. 1989) (en banc). However, "[d]eference is the rule; rare indeed is the exception." *Stead Motors*, 886 F.2d at 1209; *see also United Steelworkers*, 363 U.S. at 597–98, 80 S. Ct. at 1361; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 986–87 (9th Cir. 2001); *Ass'n of W. Pulp & Paper Workers, Local 78 v. Rexam Graphic, Inc.*, 221 F.3d 1085, 1091 (9th Cir. 2000); *SFIC Props., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 94*, 103 F.3d 923, 924–26 (9th Cir. 1996).

The district court erred in the application of those principles when it determined that the essence of the Agreement did not allow the Arbitrator to exclude use of the buddy system. The Arbitrator did find that MultiCare wanted the Agreement to specifically permit use of the buddy system. However, he also found that WSNA opposed inclusion of that specific provision, and it was left out. By contrast, the Agreement did provide that whatever method was used, nurses were to have their fifteen-minute breaks and that the staffing plan could not be violated. The Arbitrator determined that, as a matter of fact, the buddy system was unable to meet those conditions in practice and was "nonviable." Indeed, the buddy system violated the very purpose (essence) of the Agreement. The district court erred when it overruled the Arbitrator's decision to enjoin the practice that violated the Agreement.

4

(2)    MultiCare also objected to the Arbitrator's remedy which directed assignment of "a reserve or float" nurse to assure compliance with the Agreement. While the district court considered that objection, it declined to rule on it because it had vacated the award on the buddy system ground.

As we see it, however, the same principles guide us as to that portion of the award. MultiCare was opposed to any requirement "that would mandate increased staffing," and no requirement for increases was included in the Agreement. However, no possibilities for meeting the terms of the Agreement were suggested to the Arbitrator other than MultiCare's rigid demand that it keep the buddy system. WSNA suggested some kind of relief system, but MultiCare opposed that. As it is, the Arbitrator did not order an increase in the number of staff nursing positions. The district court opined that "increased staffing" was itself an ambiguous phrase that should have been considered by the Arbitrator. If it is an ambiguous phrase, the Arbitrator implicitly resolved the ambiguity when he made his award. In any event, if the basis of an award is ambiguous, that does not permit a district court to vacate the award itself. *See W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 764, 103 S. Ct. 2177, 2182, 76 L. Ed. 2d 298 (1983); *United Steelworkers*, 363 U.S. at 598, 80 S. Ct. at 1361; *Edward Hines Lumber Co. of Or. v. Lumber &*

*Sawmill Workers Local No. 2588*, 764 F.2d 631, 634 (9th Cir. 1985). Again, we see no basis for overturning the Arbitrator's award.

(3) We agree with the district court that MultiCare has not shown that the Arbitrator exhibited any bias, partiality, or other wrongdoing that would support an order reassigning this case to a different arbitrator for any further proceedings that might be required.

We REVERSE the district court's order to vacate the award made by the Arbitrator (No. 16-36048) and REMAND with instructions to confirm the award. We AFFIRM the district court's refusal to direct assignment of the matter to a different arbitrator (No. 17-35206).

Costs are to be taxed against MultiCare Health System.